## 66951. LaROCHE v. GENERAL MOTORS ACCEPTANCE CORPORATION.

DEEN, Presiding Judge.

Appellant LaRoche purchased a Cadillac Seville automobile from an Atlanta dealership in March 1982. Title and tag applications and installment sales contract were made out in her name and signed by her. The installment sales contract, calling for monthly payments of $272.51, was assigned to appellee General Motors Acceptance Corporation (GMAC).

Appellant almost immediately fell into arrears on the payments, and GMAC instituted foreclosure proceedings. A consent order was entered into requiring appellant to bring current the arrearage and to make future payments into the registry of the court. The order provided that upon further non-payment appellee could execute an affidavit and obtain a writ of possession. In January 1983, after further default had occurred, the DeKalb Superior Court issued a writ of possession and an order directing appellant to deliver the vehicle to the marshal. Appellant did not do so and failed to appear at the March hearing on GMAC's motion and rule for contempt. After being incarcerated, appellant requested a new hearing and moved to vacate the prior contempt order. At the hearing on this motion the court made findings of fact and concluded as a matter of law that appellant was still in wilful contempt, and informed her that she could purge herself by delivering the automobile by a specified time.

At all points in the course of these events appellant has failed to deny appellee's factual allegations and has insisted that she never had actual possession or control of the vehicle but merely signed for it as a convenience to a male friend. This "friend," a New Jersey resident, had wanted such an automobile and had assured her that he would send her the monthly payments via Western Union. She has

also insisted that the dealer knew it was the "friend" to whom the car was actually delivered. No documentary evidence was offered as to the "friend's" role in the transaction or as to appellee's knowledge of his participation. Appellant further insists that she has attempted, by telephone calls and one personal visit, to persuade the "friend" to return the automobile but that he has refused to do so. She argues that her failure to make the payments or return the car is caused by matters beyond her control and therefore does not constitute wilful contempt. On appeal she enumerates as error the court's adjudication of wilful contempt.

We find that the evidence in this case is such as amply to sustain the judgment below; that no reversible error of law appears; and that the judgment of the court below adequately explains the decision.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 13, 1983 —
REHEARING DENIED OCTOBER 31, 1983 — ▮▮▮▮▮▮

*E. T. Hendon, Jr.,* for appellant.
*Virginia A. Bonner,* for appellee.